HUDSON INSURANCE COMPANY, a
Delaware Corporation, Plaintiff,

v.

DOUBLE D MANAGEMENT COMPANY,
INC., a Florida corporation, Double D
Properties, Inc., Constitution State Insurance Company, a Connecticut corporation, Defendants.

No. 89–1631–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

June 28, 1991.

Steven C. Davis, Jonathan L. Alpert, Peter J. Grilli, Wendy England, Alpert, Josey

& Grilli, P.A., Tampa, Fla., for Hudson Ins. Co.

Robert F. Nunez, St. Petersburg, Fla., mediator.

Katherine S. Dedrick, Jeffrey A. Siderius, John E. Herndon, Ronald L. Kammer, Hinshaw & Culbertson, Miami, Fla., for Constitution State Ins.

Arnold L. Berman, West Palm Beach, Fla., for Double D Management and Double D Properties.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the motion for summary judgment of Defendants Double D Management Company, Inc. and Double D Properties, Inc. (collectively "Double D"), the cross-motion for summary judgment of Constitution State Insurance Company ("Constitution State"), Double D's motion for partial summary judgment, and the responses thereto.

The central issue involved is nearly identical to that decided in this Court's Order granting summary judgment to Hudson Insurance Company, Plaintiff in this declaratory judgment action. 768 F.Supp. 1542. Accordingly, this Court grants summary judgment to Constitution State regarding its duty to defend and indemnify Double D in an underlying third-party action against it for contribution for CERCLA, 42 U.S.C. § 9606 *et seq.*, response costs.

## FACTUAL BACKGROUND

Double D manages certain agricultural property in West Palm Beach County, Florida. On various occasions and in connection with its management duties, Double D contracted with one of Juan Montalvo's companies, known as CHEMAIRSPRAY, to provide for the aerial application of insecticides, pesticides, and/or herbicides on Double D's property (Amended Third Party Company at paragraphs 2, 19, 20, Dkt. 91, Exhibit 1). In so doing, CHEMAIRSPRAY employees routinely loaded aircraft with the desired chemicals, applied those chemicals to the managed property via aerial application, and upon returning to the CHEMAIRSPRAY site, rinsed the aircraft's tanks of any remaining chemical residue. (Dkt. 91, Exhibit 1). The resulting rinseate ultimately flowed off the CHEMAIRSPRAY runway onto and eventually into the ground nearby. (Company, *Southwest Florida Water Management District v. Montalvo,* Case No. 88–8038–CIV–Davis (S.D.Fla., Dkt. 91, Exhibit 2). This caused pollution at the CHEMAIRSPRAY site and threatened nearby property (*See* Order Determining Liability Among the Parties, entered February 15, 1989, Dkt. 91, Exhibit 3).

Two nearby property owners, Southwest Florida Management District and New Farm, sued Juan Montalvo and CHEMAIRSPRAY (the "Montalvo Group") seeking recovery under CERCLA, 42 U.S.C. § 9601 *et seq*, for the cost of investigation and cleanup of the polluted CHEMAIRSPRAY site. The Montalvo Group was found liable in the case of *South Florida Water Management District v. Montalvo,* Case No. 88–8038–CIV–Davis (S.D.Fla. Nov. 7, 1988), for the damage caused, including the assessment and cleanup of the site. Thereafter, the Montalvo Group filed an Amended Third Party Complaint seeking contribution and indemnity from Double D and other farmers that had used the aerial spraying service for the liability assessed against them for response costs at the CHEMAIRSPRAY site.

In response to the Montalvo Group's third party action against Double D, Double D contacted both its primary liability carrier and its umbrella carrier, Hudson Insurance Company, requesting a defense against the Montalvo Group's third party action. Plaintiff Hudson then filed a declaratory judgment action to resolve whether Hudson and/or Constitution State owe a duty to defendant and/or indemnify Double D in the underlying action.

## PERTINENT POLICY PROVISIONS

Constitution State issued two policies of insurance to Double D to cover the period from September 30, 1983 to September 30, 1985. The policies provide what is called "Owner's and Contractor's Protective

(OCP) Liability Insurance." Both policies contain the following language:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
>
> A. bodily injury or
>
> B. property damages
>
> to which this policy applies, caused by an occurrence and arising out of (1) operations performed for the named insured by the contractor designated in the declarations at the location designated therein or (2) acts or omissions of the named insured in connection with his general supervision of such operations.

The policies contain the following pollution exclusion:

> This policy does not apply:
>
> (i) to bodily injury or property damages arising out of the discharge, dispersal, release and escape of smoke, vapors … into or upon the land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release, or escape is sudden and accidental.

### OPINION OF THE COURT

█ Both parties raise several arguments in addition to the question involving the pollution exclusion clause. However, the Court need not address these arguments since Defendant has failed to establish that it is covered by the "sudden and accidental" exception in the pollution exclusion clause. *See Fischer & Porter Co. v. Liberty Mutual Insurance Co.*, 656 F.Supp. 132, 140 (E.D.Pa.1986) and *Fireman's Fund Insurance Co. v. Ex–Cell–O Corp.*, 702 F.Supp. 1317, 1328–29 (E.D.Mich.1988) (the burden of proof is on the insured to prove that the claim is within the "sudden and accidental" exception in [a] pollution clause). For all of the reasons stated in the Order Granting Summary Judgment in favor of Plaintiff Hudson, the Court holds that the term "sudden and accidental" has a temporal meaning to it as well as a sense of the unexpected. *See Industrial Indemnity Insurance Co. v. Crown Auto Dealership, Inc.*, 731 F.Supp. 1517, 1519 (M.D.Fla.1990). In order for the "sudden and accidental" exception in a pollution exclusion clause to apply, the dispersal and release must have occurred abruptly, within a very short period of time and it must not take place within the usual course of business. *Id*, at 1520. The spillage that occurred at the CHEMAIRSPRAY site was neither sudden nor accidental. The pollution occurred gradually over a very long period of time and occurred as a normal result of the Montalvo Group's business operations.

Since Double D has failed to prove an essential element of its claim, the Court grants summary judgment in favor of Constitution State. The pollution damage at the CHEMAIRSPRAY site is not covered by the Defendant's OCP policy with the Plaintiff. Accordingly, it is

ORDERED, for all the reasons set forth above and in this Court's Order granting Summary Judgment to Plaintiff Hudson, Constitution State's motion for summary judgment is granted, and Double D's motion for summary judgment is denied.

The Clerk is directed to enter a final judgment for the Third Party Defendant Constitution State in accordance with this Order.

DONE and ORDERED.